Rahaman v. Barr

BIA
Wright, IJ
A206 233 434

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty.

PRESENT:
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
          *Circuit Judges.*

_____

HANIF RAHAMAN,
     *Petitioner,*

     v.                             18-988
                                   NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:        David J. Rodkin, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; Nelle M. Seymour, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hanif Rahaman, a native and citizen of Bangladesh, seeks review of a March 16, 2018, decision of the BIA affirming a June 13, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hanif Rahaman,* No. A 206 233 434 (B.I.A. Mar. 16, 2018), *aff'g* No. A 206 233 434 (Immig. Ct. N.Y. City June 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions,* 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the

2

demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Rahaman was not credible as to his claim that he was persecuted on account of his membership in the Bangladesh Nationalist Party ("BNP").

The agency reasonably relied on several inconsistencies within Rahaman's statements and between his statements and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao,* 891 F.3d at 77. As the IJ found, Rahaman's statements and evidence concerning alleged attacks by the Awami League reflected inconsistencies about where he was attacked, what his injuries were, who was present during each

3

attack, and who reported the attacks to the police. For instance, in his statement in support of his asylum application, Rahaman described an October 2012 attack as one in which he was beaten with rods and sticks resulting in bruising. He claimed he took over-the-counter medication, and that his party leaders reported the attack to the police on his behalf. In contrast, during cross-examination, Rahaman testified that the attack occurred at a BNP meeting, that fellow BNP members were helping him hang posters, that he suffered a broken nose requiring hospitalization, and that he went to the police himself.

These inconsistencies regarding material aspects of his alleged persecution constituted substantial evidence for the agency's adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal citation and quotation marks omitted)). The agency was not required to credit Rahaman's explanations that he forgot to include information in his application and that he did not review all of his corroborating documents since the

4

explanations did not resolve any inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted). Moreover, Rahaman's omissions were not minor. Rather, they concerned one of the most serious incidents of alleged persecution.

The agency also reasonably relied on multiple inconsistencies between Rahaman's testimony and his supporting letters. 8 U.S.C. § 1158(b)(1)(B)(iii). While testifying, Rahaman stated that he was familiar with the contents of his supporting letters and that he had reviewed them in his native language prior to the hearing. But his description of individuals who submitted letters and their connection to his attacks greatly differed from the information in the letters. For example, Rahaman testified that Amdur Rahim was a local man who may have witnessed one of his beatings, but also testified that they never engaged in any political activities together and that he did not recall whether Rahim ever supported the BNP. In marked contrast, Rahim's letter states he was an active BNP party

5

member and that he distributed BNP leaflets alongside Rahaman during one of Rahaman's attacks. Considering the inconsistencies between Rahaman's testimony and the documentary evidence, the agency reasonably found that his corroborating evidence failed to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Finally, the adverse credibility determination is bolstered by the IJ's demeanor finding. "[W]e give particular deference to [credibility determinations] that are based on the adjudicator's observation of the applicant's demeanor," particularly "where, as here, [the observations] are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Contrary to Rahaman's position, the hearing transcript reflects Rahaman's long pauses after he was confronted with the inconsistencies in his application,

6

as well as his subsequent unresponsive answers.

Given the inconsistencies between his statements and between his testimony and the documentary evidence, as well as the demeanor finding, the "totality of the circumstances," supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7